UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 95-20047
Summary Calendar

MATT JILES,

Plaintiff-Appellant,

versus

RICHARD D. JONES, ET AL.,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Texas
(No. H-93-2133)

August 9, 1995

Before KING, SMITH, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Matt Jiles appeals the adverse summary judgment disposing of his 42 U.S.C. § 1983 civil rights complaint brought against the Texas Department of Criminal Justice (TDCJ-ID) and several corrections officers employed by TDCJ-ID.  Jiles also appeals the

[*] Local Rule 47.5 provides:
"The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."
Pursuant to that Rule, the Court has determined that this opinion should not be published.

- 1 -

order of the district court denying his motion for an entry of default judgment against two of the corrections officers. We AFFIRM for the following reasons:

1. The district court did not abuse its discretion in refusing to enter a default judgment when two of the defendants failed to meet procedural time requirements in that Jiles failed to make any showing of prejudice. Mason & Hanger-Silas Mason Co. V. Metal Trades Council of Amarillo, Tex. And Vicinity, AFL-CIO, 726 F.2d 166, 168 (5th Cir. 1984). Moreover, no abuse of discretion in denying the requested default judgment occurred since the defendants filed their answer one day after Jiles moved for default judgment and the district court ultimately granted a summary judgment. Mason v. Lister, 562 F.2d 343, 345 (5th Cir. 1977).

2. Jiles' due process claim, based on his contention that he had a liberty interest stemming from an applicable prison regulation that would allow the scanning of his legal materials only on the basis of reasonable suspicion that they contained contraband, is without merit. It is undisputed that improper materials were noticed in Jiles' legal materials; accordingly, there was a reasonable suspicion to request and conduct the subsequent scanning search for contraband. Moreover, because the scanning of the materials contained in the appellant's prison cell does not impose an atypical and significant hardship on an inmate in relation to the ordinary incidents of prison life, the prison

regulation did not create a liberty interest protected by the due process clause. <u>Sandin v. Conner</u>, WL 360217, at *6 (U.S. June 19, 1995).

3.    With respect to the appellant's remaining civil rights claims, we have conducted a de novo review of the pleadings and summary judgment evidence.  We find no error in the findings and conclusions of the district court.  Jiles has failed to allege a constitutional violation and the state officers are thus entitled to qualified immunity, and TDCJ-ID, a state agency, is entitled to immunity under the Eleventh Amendment to the United States Constitution.  On the basis of the authorities cited, and reasons contained in the careful and comprehensive Memorandum and Order filed on December 15, 1994 by the district court, we reject the appellant's arguments as to these claims.

4.    Having failed to allege a constitutional claim and not being entitled to equitable relief, no reversible error occasioned the failure of the district court to allow Jiles permission to amend his complaint to add as a party defendant the director of the TDCJ-ID in his official capacity.  An amendment as requested would have been futile and thus no abuse of discretion is shown.  <u>See Davis v. Louisiana State Univ.</u>, 876 F.2d 412, 413-14 (5th Cir. 1989).

For the foregoing reasons, the judgment of the district court is

AFFIRMED.